STAHL v. PEERLESS SPRING MFG. CO.

(District Court, E. D. Pennsylvania. June 2, 1926.)

No. 3593.

Receivers ⬤⟿78—Where amount of mortgages on property of corporation in hands of receiver was largely in excess of its assessed value, court will grant leave for foreclosure sale.

Where mortgage indebtedness on property of corporation in hands of receiver was largely in excess of assessed value of property, so that delay in foreclosure sale would expose mortgagee and its assignee to serious loss, held, that equities of mortgagor's general creditors and stockholders and creditors of receivership were inferior to equities of mortgagee and its assignee, and, in absence of any definite action to put additional capital into business by committee of creditors and stockholders planning reorganization of corporation, leave to proceed with foreclosure sale would be granted.

In Equity. Suit by Charles Stahl against the Peerless Spring Manufacturing Company. On petition of the Ninth Bank & Trust Company for leave to proceed to sale of mortgaged premises belonging to defendant under its judgment. Decree for petitioner.

George J. Edwards, Jr., of Philadelphia, Pa., for plaintiff.

Joseph L. Kun, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. Upon a bill in equity filed by Charles Stahl on behalf of himself and other creditors and stockholders, setting out that the defendant corporation was presently unable to meet its liabilities, that a judgment creditor had brought suit and other creditors were threatening suit, that the corporation's assets exceeded its liabilities, and that, if its business could be continued as a going concern under the protection of a receivership, it was probable that all its creditors could be paid in full and its business preserved as a going concern for the benefit of its stockholders, a receiver was appointed on February 5, 1926, with leave to conduct the business. The corporation holds title to certain real estate in the city of Philadelphia, subject to a first mortgage for $30,000, dated September 28, 1925, payable within three years, with interest at 6 per cent., and a second mortgage for $24,000, of the same date, payable within two years in semi-annual installments of $6,250, with interest at 6 per cent.

L. M. Leberman's Sons, Inc., the mortgagee under both mortgages, on September 28, 1925, assigned the two mortgages to the Ninth Bank & Trust Company, the petitioner, as collateral security for a loan of $30,000, which loan is unpaid and past due. There was default on March 28, 1926, in the payment of interest in the sum of $900 on the first mortgage, and of interest in the sum of $750 and the semiannual installment of principal in the sum of $6,250 on the second mortgage, and the taxes for 1925 are in default. The bank has entered judgment upon the bond accompanying the second mortgage, and prays leave to proceed to sale of the mortgaged premises under its judgment. The real estate is assessed at $45,000.

While it is represented to the court that a committee of creditors and stockholders is planning to reorganize the company by putting additional capital into the business, there is no suggestion of any present intention to pay, or any provision for the payment of the taxes, the arrears of interest, or the overdue installment of principal. The indebtedness upon the mortgages is largely in excess of the assessed value of the property, and a delay in sale will expose to serious risk of loss the mortgagee and its assignee. The equities of the general creditors, the creditors of the receivership, and the stockholders are inferior to the contract rights of the bank and the mortgagee.

In such circumstances, without any definite appearance of action on the part of those interested in relief of the creditors and stockholders, a court of equity will not interfere to impair the obligation of the prior contracts of the corporation, by withholding its real estate from enforcement of its contracts. If there were a wider margin of security for the benefit of the mortgagee and the bank, a different question would be presented. Under the facts here, the bank, as assignee of the mortgagee, cannot lawfully be precluded from asserting its contract rights.

A decree will therefore be entered in favor of the petitioner.